**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **WILLIAM O. BREEDLOVE, III** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:26-cv-00831-LS** |
| | § | |
| **CORINE BREEDLOVE and** | § | |
| **ALEX A. BONNET,** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S BRIEF IN RESPONSE TO
ORDER FOR BRIEFING ON FEDERAL JURISDICTION**

COMES NOW WILLIAM O. BREEDLOVE, III, Plaintiff herein, and submits this Brief in Response to Order for Briefing on Federal Jurisdiction as follows:

**I. INTRODUCTION AND PROCEDURAL POSTURE**

1. On March 26, 2026, the Court entered an Order for Briefing on Federal Jurisdiction (Dkt. 4), noting that Plaintiff invoked diversity jurisdiction under 28 U.S.C. § 1332 but that the complaint did not include facts supporting the amount-in-controversy requirement. The Court ordered Plaintiff to brief, by April 6, 2026, how and why this Court has subject-matter jurisdiction. Plaintiff submits this brief in response and shows that (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**II. LEGAL STANDARD**

2. A federal district court has diversity jurisdiction when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

3. When a case is filed originally in federal court, "the sum claimed by the plaintiff controls" if made in good faith, and dismissal for lack of subject-matter jurisdiction is warranted

only if it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). The Fifth Circuit applies this legal-certainty standard. *See Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

4.      In assessing the amount in controversy, the Court considers the value of all relief sought at the time of filing, including recoverable punitive damages. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

### III. <u>ARGUMENT</u>

**A. Complete diversity exists.**

5.      Plaintiff is a citizen of Colorado. Defendant Corine Breedlove is a citizen of New Mexico. Defendant Alex A. Bonnet is a citizen of Texas. (See Dkt. 1, Parties section.) Because Plaintiff is a citizen of Colorado and Defendants are citizens of New Mexico and Texas, complete diversity exists. See 28 U.S.C. § 1332(a)(1).

**B. The amount in controversy exceeds $75,000.**

6.      Plaintiff's complaint pleads a course of elder abuse, neglect, fraud, wrongful confinement, and financial exploitation that caused severe physical injury, emotional distress, and significant economic loss, and it seeks both compensatory and exemplary damages. On the face of the pleadings, it cannot be said to a legal certainty that Plaintiff's claims are worth $75,000 or less.

**1. Plaintiff seeks substantial compensatory damages for serious physical injury, medical expenses, and emotional distress.**

7.      The complaint alleges that Defendants withheld prescribed thyroid medication and denied Plaintiff access to medical care, resulting in severe, overt hypothyroidism and malnourishment, with accompanying symptoms including memory loss, depression, difficulty

walking, and other serious physical impairment. (Dkt. 1, Facts section.) It further alleges that Defendants caused Plaintiff to be admitted to a skilled-nursing facility in El Paso, Texas against his will and that he was wrongfully detained there until he was rescued by his children. (Id.)

8.    Plaintiff seeks compensatory damages for, among other things, physical pain and mental anguish (past and future), physical impairment (past and future), and medical expenses (past and future). (Dkt. 1, Damages section.) These categories of damages—particularly past and future medical expenses and non-economic damages for severe physical and emotional harm—readily place more than $75,000 in controversy.

**2. The complaint alleges at least $11,000 in unauthorized transfers (and $13,000 in attempted transfers), apart from other economic harm.**

9.    The complaint alleges that Mrs. Breedlove wrote unauthorized checks to Mr. Bonnet totaling $13,000, including checks for $10,000 and $1,000 that were cashed and an additional $2,000 check that was intercepted. (Dkt. 1, Facts section.) Plaintiff seeks recovery of this misappropriated money, among other economic damages. (Dkt. 1, Damages section.) This concrete economic loss forms part of the amount in controversy.

**3. Punitive damages are recoverable under Texas law on Plaintiff's pleaded fraud and gross negligence theories and are included in the amount in controversy.**

10.    Plaintiff pleads fraud and gross negligence and seeks punitive damages under Texas Civil Practice & Remedies Code § 41.003. (Dkt. 1, Prayer for Relief.) Under Fifth Circuit law, recoverable punitive damages are included when determining the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253; Allen, 63 F.3d at 1336.

11.    Texas law caps exemplary damages at the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages (not to exceed $750,000); or (2) $200,000. Tex. Civ. Prac. & Rem. Code § 41.008(b). Here, Plaintiff alleges at least $11,000 in economic damages (and $13,000 in attempted transfers), and seeks non-economic damages for

severe physical and emotional harm. Accordingly, the exemplary-damages component alone places more than $75,000 in controversy.

12.     Even putting aside the statutory cap, the combination of alleged compensatory damages (including medical expenses, physical impairment, and mental anguish) and recoverable exemplary damages makes it impossible to conclude, to legal certainty, that Plaintiff's claim is for less than $75,000.

**C. Alternatively, Plaintiff requests leave to amend if the Court finds the current jurisdictional allegations insufficient.**

13.     Should the Court conclude that Plaintiff's current complaint and this response do not provide sufficient detail to satisfy the amount-in-controversy requirement, Plaintiff respectfully requests leave to amend rather than dismissal. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] … when justice so requires," and 28 U.S.C. § 1653 expressly permits amendment of "defective allegations of jurisdiction." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

14.     Any perceived deficiency here would be one of pleading detail—not of actual jurisdictional facts. If allowed to amend, Plaintiff can plead additional jurisdictional facts (consistent with Rule 11), including more specific allegations regarding the medical and related expenses incurred, the concrete economic losses from Defendants' unauthorized transfers, and the nature and severity of Plaintiff's non-economic damages (physical impairment and mental anguish), as well as the exemplary-damages component recoverable under Texas law.

15.     Because this case is at its outset and amendment would not prejudice Defendants, the appropriate course—if the Court believes more factual detail is required—is to grant Plaintiff leave to file an amended complaint within a short period set by the Court, or to otherwise cure any

technical deficiency in the jurisdictional allegations, rather than dismissing this action for lack of subject-matter jurisdiction.

16.     While Plaintiff's current pleading properly alleges damages exceeding the $75,000 amount-in-controversy requirement, there is no question that an amended pleading could do so. Due to the defendants' wrongful conduct, Plaintiff has incurred damages for medical expenses, bodily injury, pain, and suffering in an amount exceeding $75,000. Thus, the amount-in-controversy requirement has been satisfied. Allowing Plaintiff leave to amend his complaint would be fruitful, not futile.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1), and requests that the Court confirm its jurisdiction and proceed to the merits.

Respectfully submitted,

**GORDON DAVIS JOHNSON**
**SHANE & SNIDER, P.C.**
4695 North Mesa St.
El Paso, Texas 79912
Tel: (915) 545-1133
Fax: (915) 545-4433
redwards@eplawyers.com

April 6, 2026

/S/ *Rob Edwards*
**ROB EDWARDS**
State Bar No. 24058290
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/S/ Rob Edwards*
**ROB EDWARDS**