IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

WILLIAM O. BREEDLOVE III,

       Plaintiff,

vs.                                                                                    case no. 3:26-cv-831-LS

CORINE  BREEDLOVE  and
ALEX  A.  BONNET,

       Defendants,

    vs.

WILLIAM  O. BREEDLOVE IV,
ROBERT SHAWN BREEDLOVE and
KIMBERLY ANN HOFFMAN,

       Third-Party Defendants

## ANSWER  AND  THIRD-PARTY  COMPLAINT

TO  THE  HONORABLE  COURT:

1.    Corine   Breedlove   ("Defendants"   or   "Corine")   and   Alex   Bonnet
("Defendants" or "Bonnet") file and serve this response to Doc. 1 the Plaintiff's
Complaint that opened this case on or about 3/25/26 ("the Complaint")

2.     In answer to paragraph 1 of the Complaint Defendants deny that William O. Breedlove III ("William"), Corine Breedlove's spouse of over 23 years, is a citizen of the State of Colorado or that he is bona fide domiciled there.  When they married, Corine and William decided to build a new home together.  In July 2004 they completed construction on the residence at 2260 Laguna Drive in Las Cruces. Corine and William moved in and have maintained the home as their permanent residence since that time.  William is a citizen of the State of New Mexico and his bone fide domicile is the Laguna Drive home in Las Cruces

3.     Defendants deny paragraph 4 of the Complaint, that the Court has jurisdiction. William's current housing in Colorado, where his daughter has confined him in her home and totally dominates and controls him, should be considered by the Court for purposes of its subject-matter jurisdiction to be temporary at most.  This temporary situation created by Third-Party Defendant Kimberly Ann Hoffman ("Kim"), does not negate William's bona fide domicile in Las Cruces, NM of the past 22 years

4.     Defendants deny paragraph 5 of the Complaint, that venue is appropriate. Appropriate venue is in New Mexico where the bulk of witnesses and records are located and where the substantial acts or omissions occurred that give rise to the various claims and contentions of the parties.  The most appropriate venue for the claims the subject of this case is the case no. D-307-CV-2026-00447 currently pending in the State of New Mexico's Third Judicial District Court for Dona Ana

County, in which the Third-Party Defendants herein are currently suing Corine ("the partition case")

5.    Defendants deny paragraphs 8-11 of the Complaint

6.    Defendants deny  the second sentence of paragraph 12 of the Complaint. William had become depressed that Corine's health had begun to seriously deteriorate as a result of the stress of meeting William's daily needs.  William's children, the Third-Party Defendants named herein, neither offered nor provided any substantial assistance to Corine or William as Corine and William aged.  On or about March 6, 2025 Corine found William in the act of trying to harm himself, and he was taken to the hospital

7.    Defendants agree William has suffered from hypothyroidism, but deny the balance of the allegations at paragraph 13 of the Complaint

8.    Defendants agree that the checks were written and received by Bonnet but deny the balance of the allegations at paragraphs 14 and 15 of the Complaint

9.    Defendants deny paragraph 16 of the Complaint because William was not admitted to Cimarron "against his will". Defendants deny paragraphs 17-20 of the Complaint

10.    Defendants are without knowledge or information at this time sufficient to admit or deny paragraphs 21-22 and 30 of Plaintiff's Complaint.    Defendants therefore deny the same and demands strict proof

11.	Defendants deny paragraphs 23-24 and 26 of the Complaint

12.	Defendants deny paragraph 25 of the Complaint as to the state of mind implied for William (that he was "determined"). Defendants do not dispute that new Powers of Attorney may have been signed by William but Defendants deny that these are valid documents because they are but products of undue influence by the Third-Party Defendants herein

13.	Defendants deny paragraph 27 of the Complaint because the "written notice" referred to was not sent by William's counsel. Any attorney-client relationship between William and this attorney was a sham relationship, totally dominated and controlled by the Third-Party Defendants herein

14.	Defendants deny paragraph 28 of the Complaint because William was not taken to his home (which is in Las Cruces, New Mexico). He was taken to Colorado where he has been confined by his daughter Kim

15.	In answer to paragraph 29 of the Complaint, Defendants state that if William "discovered" anything he felt was "unauthorized" then his discoveries and feelings are but the result of Third-Party Defendants' regular slanderous, defamatory, false and disparaging statements and mis-information to William about Defendants

16.	Defendants deny paragraphs 31-57 of the Complaint

## Affirmative Defenses

17.   **Exhibit 1** in support of this responsive pleading is a copy of a Petition the Third-Party Defendants herein commenced on 2/10/26 in the State of New Mexico's Third Judicial District Court ("the partition case")

18.   **Exhibit 2** in support of this responsive pleading is Corine's Answer & Counter-Claims in the partition case. The representations of fact in Corine's attached pleadings in the partition case, are true

19.   This instant federal court lawsuit, commenced with William named as Plaintiff against his wife Corine, is a sham lawsuit orchestrated by William's three (3) children named as Petitioners in the partition case

20.   In addition to the partition case and this instant federal court lawsuit, Third-Party Defendants have concocted up at least two (2) other malicious abuses of legal process as part of their schemes: a sham Colorado divorce petition filed in August 2025 that they unduly influenced William to sign then caused to be dismissed shortly thereafter, and a sham lawsuit they caused to be filed as case no. 3:25-cv-296 in the United States District Court in El Paso then also caused to be dismissed soon after

21.   Third-Party Defendants regularly slander and defame Defendants to William and exert an undue improper influence over William to dominate and control him. Discovery is expected to reveal that Third-Party Defendants have coerced William to sign various pieces of paper that would change William's estate plan or planning

to Third-Party Defendants' benefit but to the detriment of Corine and her heirs (her Trusts or her son Bonnet)

22.    Third-Party Defendants' goals they hope to accomplish by their undue influence, various torts and sham lawsuits include to bully, threaten and intimidate Corine and her son Alex Bonnet until Third-Party Defendants get money or property they are not entitled to at this time including but not limited to Corine's community marital property

23.    This instant sham lawsuit orchestrated by William's children, is not truly about any alleged tort committed by Defendants rather the matter is about Third-Party Defendants' greed and over-reaching

24.    If Defendants were negligent or at fault for any tort, which Defendants deny, any such negligence or fault must be weighed against the comparative, proportionate or contributory negligence, fault or responsibility of others.   Judgment may not be had against Defendants in this case based on the percentage of negligence, fault and/or responsibility of others

25.    Doc. 1 the Complaint fails to state certain claims on which relief can be granted, such as its "Count II" for "negligence per se / elder abuse" and "Count III" for "gross negligence".   Defendants should have judgment on the pleadings in Defendants' favor on those claims because under New Mexico law there is no cause of action for gross negligence or violations of the Texas Penal Code.   Rights and

liabilities of parties with respect to an issue in tort are determined by the law of the state which has the most significant relationship to the occurrence and the parties. Restatement (2nd) of Conflict of Laws § 145(1). Here, that state is New Mexico

26.    For the convenience of the parties and witnesses and in the interest of justice the Court should Order venue of this case transferred to New Mexico

## ALEX BONNET's THIRD-PARTY COMPLAINT

27.    Corine has been lawfully, ceremonially married to William O Breedlove III ("William") since February 8, 2003. Defendant Alex Bonnet ("Bonnet") is Corine's child from a prior marriage.   William has 3 children from a prior marriage:  Kim, William O. Breedlove IV ("Rusty")  and  Robert Shawn Breedlove ("Robert")

28.    Bonnet, as a third-party plaintiff herein, hereby sues Rusty, Robert and Kim as Third-Party Defendants.  Bonnet will cause the Court's Summons on Third-Party Complaint to be duly served on Rusty, Robert and Kim

29.    When they married, Corine and William decided to build a new home together.  Each contributed their own separate property they had prior to the marriage, and in July 2004 construction was completed on the residence at 2260 Laguna Drive in Las Cruces, New Mexico. They moved in and have maintained the home as their permanent residence since that time

30.    Corine and William have had a good and lengthy marriage

31.    Corine is now 84 years of age.  William is 92 years of age

32.    True copies of William's legitimate, valid Will and Trust are attached as part of Exhibit 2 hereto

33.    Corine's existing estate plan mirrors William's. Because they each brought substantial separate property into the marriage,[1] they have each established that their property goes to trusts for the support of the surviving spouse during the lifetime of the surviving spouse.    After the death of the surviving spouse (either Corine or William as the case may be) the remainder of the trust assets go to their respective children from prior marriages.    Bonnet gets the remainder of Corine's Trust and Third-Party Defendants get the remainder of William's Trust

34.    Third-Party Defendants are not willing to wait until Corine dies to get their hands on their daddy's money, so as an effort to receive William's assets sooner they have now commenced a campaign of hate and harassment against Corine and her son Bonnet. Their goal is to bully, threaten and intimidate Corine and Bonnet until they get money they are not entitled to including Corine's community marital property. This baseless instant lawsuit they use to perpetrate their greedy schemes

35.    As set forth above Third-Party Defendants have concocted up at least four (4) malicious abuses of legal process as part of their greedy schemes: the partition case, this instant federal court lawsuit, a sham Colorado divorce petition filed in August 2025 that they unduly influenced William to sign then caused to be dismissed shortly

---

[1]    Like Texas, New Mexico is a community property state

thereafter, and another sham lawsuit they caused to be filed as case no. 3:25-cv-296 in this United States District Court in El Paso then also caused to be dismissed soon after

36. In 2023 William began suffering from dementia. His mental decline has increased considerably since then

37. Corine began having to assist William more and more with his activities of daily living. Third-Party Defendants made occasional visits, rarely exceeding one (1) day at a time, and showed little interest in helping Corine with William's care. Bonnet regularly provided substantial care and assistance to Corine and William

38. On or about February 26, 2025 Corine was taken to the hospital in Las Cruces where she stayed for two (2) days to recover from serious stress-related conditions caused by her own advancing age, poor health and the demands of caring for William the previous 2 years

39. On or about March 5, 2025 William was in turn taken to the hospital in Las Cruces as a result of his condition, where he remained until he was taken to a rehab facility in El Paso ("Cimarron"). Kim subsequently, with no-one's permission and without notice to Corine or Bonnet, physically removed William from Cimarron and transported him to her home in Colorado

40. Since William's removal from Cimarron Third-Party Defendants have been in possession and control of William's person, body and his financial accounts which

include Corine's marital community property. They fund their sham lawsuits by plundering William's accounts including Corine's marital community property, without William's knowledge or consent

41. Third-Party Defendants have exercised a fiduciary position of special confidence between and among themselves and William. They have abused this position and breached those fiduciary duties

42. Third-Party Defendants have been secretive about their activities with William but on information and belief, they have exercised an unlawful undue influence on him to coerce and manipulate William into signing various papers that change or attempt to change his estate plan or planning and give themselves control over his estate, which includes Corine's marital community property

43. Bonnet has been harmed and damaged by Third-Party Defendants' breaches of their fiduciary duties and unlawful undue influence put upon William. Bonnet's damages include attorney fees and costs necessary to defend himself from sham lawsuits

44. Third-Party Defendants unjustly enrich themselves from William's estate which includes Corine's community property, and they thus damage and cause economic harm to Bonnet by interfering with his expectancy of inheritance

45. As part of their undue influence on William, Third-Party Defendants have regularly slandered and defamed Corine and Bonnet with false and disparaging

statements and mis-information to William about Corine and Bonnet

46.    Third-Party Defendants have taken William's phone and other means of communicating away from William and will not allow him to contact Corine. Third-Party Defendants will not allow Corine or Bonnet to have contact with William

47.    Bonnet hereby sues Third-Party Defendants for their malicious abuse of process, for their slander, defamation or false light invasion of privacy, for unjust enrichment and for their tortious undue influence on William

48.    Bonnet as a third-party Plaintiff hereby petitions the Court for its Declaratory Judgment, after sufficient fact-finding about the undue influence, that all products of undue influence on William are void and rescinded

49.    Bonnet hereby sues Third-Party Defendants for a complete accounting of William's property that they have any knowledge of or have exercised any type of control over since January 1, 2024. This property includes Corine's marital community property that Bonnet has a right to expect he will inherit

50.    Bonnet should have final judgment against Third-Party Defendants for all his nominal, actual and/or special damages caused by their torts. Bonnet should also have final judgment against Third-Party Defendants for exemplary damages because their behavior described above is intentional, reckless, willful and/or grossly negligent

WHEREFORE, Defendants pray the Court will:  dismiss this case for lack of subject matter jurisdiction or alternatively transfer venue to New Mexico; or alternatively -  enter Judgment that Plaintiff and/or Third-Party Defendants will take nothing on their claims;  set aside all products of Third-Party Defendants' undue influence on William;  compel Plaintiff and/or Third-Party Defendants to make a complete accounting of William's property that they know of or have exercised any form of control over;  enter judgment against Third-Party Defendants in favor of Bonnet for all Bonnet's lawful damages;  award Bonnet exemplary damages;   AND

Grant such other and further relief as the Court finds proper

RESPECTFULLY  SUBMITTED,

By:

Sidney P. Childress, Lawyer
1925  Aspen  Dr.  #600A
Santa  Fe,  NM  87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney  for  Defendants

## CERTIFICATE OF SERVICE

I caused this document to be served electronically through the Court's electronic filing system the same date it was filed.  All counsel of record were served as set forth on the record of the Court's electronic filing system