**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| WILLIAM O. BREEDLOVE III, Plaintiff, | § § § | |
| v. | § § | Case No. 3:26-cv-00831-LS |
| CORINE BREEDLOVE and ALEX A. BONNET, Defendants, | § § § § § | |
| v. | § § § | |
| WILLIAM O. BREEDLOVE IV, ROBERT SHAWN BREEDLOVE and KIMBERLY ANN HOFFMAN, Third-Party Defendants. | § § § § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE
TO DEFENDANTS' MOTION TO TRANSFER VENUE
OUT OF TIME AND TO DEEM RESPONSE FILED INSTANTER**

Plaintiff William O. Breedlove III respectfully moves for leave to file his response to Defendants' Motion for Transfer of Venue (Doc. 14) out of time and asks the Court to deem the response attached as Exhibit A filed instanter. Plaintiff also requests that the Court decline to enter Defendants' proposed unopposed transfer order (Doc. 17).

**BACKGROUND**

1.    Defendants filed their Motion for Transfer of Venue on June 11, 2026. Doc. 14. Under Local Rule CV-7(d)(2), Plaintiff's response was due fourteen days later, on June 25, 2026. Due to an inadvertent calendaring error by counsel, the response deadline was not properly docketed and no response was filed by that date.

{14630.1/REDW/220738642.1}

2.      On July 2, 2026, Defendants filed a Notice of Completion of Briefing on Doc. 14 stating that no response had been filed and that Defendants had not been asked for an extension. Doc. 16. Defendants also submitted a proposed order that would grant transfer as unopposed. Doc. 17. Plaintiff now promptly seeks leave to file the attached response so that the transfer motion may be decided on the merits.

**ARGUMENT**

**I. Good cause and excusable neglect support allowing the response.**

3.      Rule 6(b)(1)(B) authorizes the Court, for good cause, to extend a deadline after it has expired when the failure to act resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The excusable-neglect inquiry is equitable and considers all relevant circumstances, including the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

4.      Those factors support leave here. First, Defendants will suffer no cognizable prejudice from consideration of Plaintiff's response. The delay is short, Defendants can file a reply under Local Rule CV-7(e), and the case is still at its outset. Prejudice does not mean losing the possibility of an unopposed ruling; it means unfair impairment of the opposing party's ability to litigate. No such impairment exists.

5.      Second, the delay is limited and should not disrupt the proceedings. The response deadline was June 25, 2026. Plaintiff seeks leave promptly after discovering the calendaring error and before the Court has entered an order on the transfer motion.

Allowing the response will not require moving a trial setting or undoing completed merits proceedings.

6.      Third, the missed deadline resulted from counsel's inadvertent calendaring error, not a strategic decision, bad faith, or disregard for the Court. Counsel acknowledges responsibility for the mistake and has taken prompt steps to cure it by preparing this motion and tendering the response for immediate filing.

7.      Fourth, Plaintiff acts in good faith. Plaintiff does not seek delay. He seeks only to have a substantial venue motion resolved on the merits, especially where Defendants seek to transfer the case to another federal district based on a disputed and incomplete § 1404(a) showing.

## II. The Court should decide the transfer motion on the merits rather than as unopposed.

8.      Local Rule CV-7(d)(2) provides that if no response is filed within the prescribed time, the Court may grant the motion as unopposed. The rule is permissive, not mandatory. Here, Plaintiff has tendered a substantive response that addresses the § 1404(a) factors and explains why Defendants have not shown that New Mexico is clearly more convenient than this District. The interests of justice favor considering that response before deciding whether to transfer venue.

9.      Defendants' proposed order (Doc. 17) would transfer the case as unopposed and states that the transfer order would be final and appealable. Because Plaintiff now seeks leave promptly and tenders a response, entry of the proposed unopposed order would be

unnecessary and inequitable. The better course is to grant leave, deem the response filed instanter, and allow Defendants to file any reply the Local Rules permit.

## CONCLUSION

Plaintiff respectfully requests that the Court grant this motion, deem Plaintiff's Response in Opposition to Defendants' Motion for Transfer of Venue filed instanter, consider the response before ruling on Doc. 14, and grant all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**GORDON DAVIS JOHNSON
SHANE & SNIDER, P.C.**
4695 North Mesa St.
El Paso, Texas 79912
Tel: (915) 545-1133
Fax: (915) 545-4433
redwards@eplawyers.com

July 2, 2026                            */s/ Rob Edwards*
ROB EDWARDS
State Bar No. 24058290
Attorney for Plaintiff

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(g), counsel for Plaintiff attempted to confer with counsel for Defendants regarding the relief requested in this motion, and did not receive a response.

*/s/ Rob Edwards*
Rob Edwards

{14630.1/REDW/220738642.1}

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 3, 2026, the foregoing document was filed electronically through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Rob Edwards*
Rob Edwards
