## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| WILLIAM O. BREEDLOVE III, Plaintiff, | § § § | |
| v. | § § | Case No. 3:26-cv-00831-LS |
| CORINE BREEDLOVE and ALEX A. BONNET, Defendants, | § § § § § | |
| v. | § § § | |
| WILLIAM O. BREEDLOVE IV, ROBERT SHAWN BREEDLOVE and KIMBERLY ANN HOFFMAN, Third-Party Defendants. | § § § § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR TRANSFER OF VENUE

Plaintiff William O. Breedlove III files this Response in Opposition to Defendants' Motion for Transfer of Venue (Doc. 14) and respectfully asks the Court to deny the motion.

### INTRODUCTION

1.      Defendants have not carried the demanding burden required for transfer under 28 U.S.C. § 1404(a). Transfer is not warranted merely because New Mexico is also connected to some facts. Defendants must clearly demonstrate that the District of New Mexico is clearly more convenient than the Western District of Texas. They have not done so. Their motion identifies no unwilling witness, no witness whose attendance cannot be compelled, no document that cannot be obtained here, no comparative court-congestion evidence, and no concrete trial efficiency that would materialize from transfer.

2.      This District has a direct and substantial connection to the case. Defendant Alex A. Bonnet resides in El Paso. Plaintiff alleges that Defendants transported him from New Mexico to El Paso, falsely represented legal authority to admit him to Cimarron Park Nursing & Rehab Center in El Paso, caused his admission and detention there against his will, opposed his release, and directed communications with Cimarron from or into this District. Those Texas events are central to Plaintiff's false-imprisonment, fraud, fiduciary-duty, elder-abuse, and damages theories.

3.      The New Mexico state partition case does not change the analysis. Defendants' own exhibits show that the state case is a real-property partition action concerning the Las Cruces residence. It is not the same action, does not involve the same plaintiff and defendant alignment, does not include Mr. Bonnet as a defendant in Plaintiff's tort claims, and cannot be consolidated with this federal tort case by transferring the case to another federal district. At most, Defendants have shown that this dispute spans more than one state. That is not enough.

## RELEVANT BACKGROUND

4.      Plaintiff filed this diversity action in the Western District of Texas asserting personal-injury and tort claims against Corine Breedlove and Alex Bonnet. The Complaint alleges that Mr. Bonnet is a Texas citizen residing at 7773 Enchanted Ridge Drive in El Paso, Texas, and that venue is proper because Mr. Bonnet resides here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Doc. 1 ¶¶ 3, 5.

5.      The pleaded Texas events are material, not incidental. Plaintiff alleges that on March 12, 2025, Mr. Bonnet drove Mr. and Mrs. Breedlove from Las Cruces, New Mexico to El Paso, Texas, where Defendants admitted Plaintiff to Cimarron against his will. Doc. 1 ¶ 16. Plaintiff further alleges that Defendants falsely told Cimarron staff that Mrs. Breedlove had power-of-attorney authority to make personal and medical decisions for Plaintiff, that they later sent Cimarron an ineffective 2021 POA, and that Cimarron would not release Plaintiff without Mrs. Breedlove's authorization. Id. ¶¶ 17-24, 28, 45-47.

6.      Defendants filed their Answer and Third-Party Complaint on June 11, 2026. Doc. 12. The same day, they filed the Motion for Transfer of Venue. Doc. 14. The motion asserts that New Mexico is more appropriate because a state partition action is pending there, because some events occurred there, and because Defendants dispute Plaintiff's Colorado domicile. Doc. 14 at 2-4. The motion does not include an affidavit identifying material witnesses, their locations, whether they are unwilling, or the substance of their testimony. Nor does it identify particular documents that are unavailable in this District.

7.      The New Mexico case on which Defendants rely is not this case. Defendants' Exhibit 1 identifies that case as a "Petition for Partition of Real Property" concerning 2260 Laguna Drive in Las Cruces, New Mexico. Doc. 12-1 at 1-5. It was brought by William O. Breedlove IV, Robert Shawn Breedlove, and Kimberly Ann Hoffman against Corine N. Breedlove in her capacity as Trustee of the Nance Trust. Id. It seeks partition and sale-related relief for real property. Id. By contrast, this case is Plaintiff William O. Breedlove III's in personam tort action against Corine Breedlove and Alex Bonnet for medical neglect, misrepresentations, financial exploitation, and unlawful detention.

{14630.1/REDW/220738642.1}

**LEGAL STANDARD**

8.      Section 1404(a) permits transfer only "[f]or the convenience of parties and witnesses, in the interest of justice," and only to a district where the action might have been brought or to which all parties consent. 28 U.S.C. § 1404(a). The movant bears the burden to clearly demonstrate that the proposed transferee venue is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).

9.      The Court considers four private-interest factors: (1) relative ease of access to sources of proof; (2) availability of compulsory process; (3) cost of attendance for willing witnesses; and (4) all other practical problems that make trial easy, expeditious, and inexpensive. It also considers four public-interest factors: (5) administrative difficulties flowing from court congestion; (6) local interest in having localized interests decided at home; (7) familiarity of the forum with governing law; and (8) avoidance of unnecessary conflict-of-law problems. *Volkswagen*, 545 F.3d at 315; *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). No factor is dispositive, and the analysis is not a raw count. *TikTok*, 85 F.4th at 358.

10.     Plaintiff's choice of venue is not treated as a separate factor in the Fifth Circuit, but it is reflected in the movant's burden: the transferee forum must be clearly more convenient. *Volkswagen*, 545 F.3d at 314-15. A defendant's showing that another forum would be more convenient for that defendant is not enough. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022).

## ARGUMENT

### I. Defendants have not shown that New Mexico is clearly more convenient.

11.     Defendants' motion rests on general assertions. It says that the "bulk" of relevant acts, witnesses, and records are in New Mexico, but it does not identify the witnesses, explain their testimony, state whether any are unwilling, compare travel burdens, or identify any source of proof unavailable in Texas. Conclusory convenience allegations do not clearly demonstrate good cause for transfer. They are particularly insufficient where the chosen forum is not random: it is where one Defendant lives and where Plaintiff alleges he was wrongfully admitted and detained.

12.     Even assuming this action could have been brought in the District of New Mexico, Defendants have shown only that New Mexico has some connection to the dispute. Section 1404(a) requires more. The marginal gain in convenience must be significant, and the movant's evidence must make it plainly obvious that those gains will actually materialize in the transferee venue. In re Clarke, 94 F.4th at 508. Defendants make no such showing.

### II. The private-interest factors do not favor transfer.

13.     First, access to sources of proof is neutral or weighs against transfer. Defendants identify no physical evidence that cannot be produced electronically or by ordinary discovery in this Court. Plaintiff's records include New Mexico medical records, but they also include Texas facility records, Texas communications, and witnesses from Cimarron in El Paso. Modern medical, banking, and facility records can be obtained and

{14630.1/REDW/220738642.1}

produced electronically. Defendants' general statement that records exist in New Mexico does not make New Mexico clearly more convenient.

14.    Second, compulsory process is neutral. Defendants identify no unwilling non-party witness. That omission is important because the compulsory-process factor turns on whether material non-party witnesses may be compelled to attend trial. In any event, Las Cruces is within roughly the same regional litigation market as El Paso, and many Las Cruces-area witnesses would be within the 100-mile subpoena radius for proceedings in El Paso. See Fed. R. Civ. P. 45(c)(1)(A). Defendants have not shown that transfer would materially improve compulsory process.

15.    Third, the cost-of-attendance factor is neutral or weighs against transfer. Mr. Bonnet lives in El Paso. Plaintiff currently resides in Colorado, so he must travel whether trial is in El Paso or New Mexico. Mrs. Breedlove resides in Las Cruces, which is close to El Paso. Transfer would therefore shift inconvenience away from Mrs. Breedlove while increasing or preserving inconvenience for Plaintiff, Mr. Bonnet, and Texas witnesses. Section 1404(a) does not permit transfer merely to shift inconvenience from one side to the other.

16.    Fourth, practical problems weigh against transfer. Defendants invoke the New Mexico state partition action, but transferring this case to the District of New Mexico would not consolidate it with the state action. The state case concerns partition and sale of real property. This case concerns in personam tort claims arising from alleged neglect, fraud, financial exploitation, and Texas detention at Cimarron. The overlap Defendants claim is also largely the product of their own third-party pleading, which they chose to file

in this Court. Transfer would add delay and motion practice without delivering the consolidation or efficiency Defendants imply.

### III. The public-interest factors do not favor transfer.

17.     Court congestion is neutral because Defendants offer no comparative docket data. A party seeking transfer should not obtain it based on an unsupported assumption that another district can resolve the case faster.

18.     Local interest is, at minimum, neutral. New Mexico has an interest in alleged conduct occurring in Las Cruces and in the pending real-property partition case. But Texas has a strong local interest too. A Texas resident, Mr. Bonnet, is a defendant. Plaintiff alleges that Defendants transported him to El Paso, falsely asserted legal authority to a Texas skilled-nursing facility, caused him to be admitted and detained there, opposed his release, and used the Texas facility as the mechanism for the false-imprisonment and fraud alleged in this suit. Texas has a substantial interest in conduct occurring at a Texas healthcare facility and in adjudicating claims against a Texas resident.

19.     The governing-law and conflict-of-law factors also do not support transfer. Plaintiff pleads Texas statutory and common-law theories, including Texas elder-abuse/negligence-per-se predicates and punitive damages under Texas law. Doc. 1 ¶¶ 33-35, 55. Even if New Mexico law ultimately governs some discrete issue, federal courts routinely apply another state's law. And if this diversity case were transferred under § 1404(a), the transferee court generally would apply the state law and choice-of-law rules that this Court would have applied. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964);

*Ferens v. John Deere Co.,* 494 U.S. 516, 523 (1990). Transfer therefore would not simplify governing-law issues and may complicate them.

**IV. Defendants' jurisdictional speculation is not a venue-transfer factor.**

20.     Defendants also argue that Plaintiff's Colorado domicile is "highly questionable." Doc. 14 at 3-4. That contention does not support transfer under § 1404(a). If Defendants believe subject-matter jurisdiction is lacking, that is a jurisdictional issue for this Court to decide; transfer to New Mexico would not cure a lack of complete diversity if Plaintiff were a New Mexico citizen. Conversely, if this Court has diversity jurisdiction, Defendants' domicile argument says nothing about whether New Mexico is clearly more convenient. Defendants cannot transform a jurisdictional attack into a venue-transfer factor.

**CONCLUSION**

Defendants have shown, at most, that some facts occurred in New Mexico and that a separate New Mexico state partition action is pending. They have not clearly demonstrated that New Mexico is clearly more convenient than this District. Plaintiff respectfully requests that the Court deny Defendants' Motion for Transfer of Venue (Doc. 14).

Respectfully submitted,

**GORDON DAVIS JOHNSON**
**SHANE & SNIDER, P.C.**
4695 North Mesa St.
El Paso, Texas 79912
Tel: (915) 545-1133
Fax: (915) 545-4433
redwards@eplawyers.com

July 2, 2026           <u>     /s/ Rob Edwards     </u>
ROB EDWARDS
State Bar No. 24058290
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 3, 2026, the foregoing document was filed electronically through the Court's CM/ECF system, which will serve all counsel of record.

<u>     /s Rob Edwards     </u>
/s/ Rob Edwards

{14630.1/REDW/220738642.1}